NO. 07-12-0060-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 30, 2012

_____

RENE G. ESPINOZA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2011-431,685; HONORABLE JOHN J. "TREY" MCCLENDON, III, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Rene G. Espinoza appeals his conviction of aggravated sexual assault of a child by contending the trial court erred in denying his motion to have an audiovisual recording made of the trial testimony. We affirm the judgment.

Immediately prior to *voir dire* of the jury panel, appellant moved to have an audiovisual recording made of the trial testimony. He thought it was needed because appellant, as well as several of the witnesses, were hearing impaired. Without it, ". . .

_____

[1]John T. Boyd, Senior Justice, sitting by assignment.

there is no record of what was said in sign language during the trial" and "the video tape makes it possible to assess the competence of the interpreter and exactly what the interpreter signed." The court took the motion under consideration, expressed concern over its untimeliness, and questioned the court's ability to arrange for it on such short notice. The motion was denied the next day before the presentation of testimony.

Article 38.31 of the Code of Criminal Procedure provides that "[o]n the court's motion or the motion of a party, the court may order testimony of a deaf witness and the interpretation of that testimony by the interpreter visually, electronically recorded for use in verification of the transcription of the reporter's notes." TEX. CODE CRIM. PROC. ANN. art. 38.31(a) (West Supp. 2011). The use of the word "may" in the statute means the decision lies within the trial court's discretion. *Hawkins v. State,* 792 S.W.2d 491, 496 (Tex. App.–Houston [1st Dist.] 1990, no pet.); *see also In re Minnick,* 653 S.W.2d 503, 508 (Tex. App.–Amarillo 1983, no writ) (stating that statutory use of the word "may" creates a discretionary function and not a mandatory one). Moreover, the *Hawkins* court found no abuse of discretion when the defendant did not contend on appeal that the reporter's notes were inaccurate. *Id.* As in *Hawkins,* appellant here did not contend that the reporter's record was inaccurate. Instead, he asserted that he could not determine if it was without a visual recording of what was being signed. *See also Routier v. State,* 112 S.W.3d 554, 569 (Tex. Crim. App. 1994) (stating that a global complaint of inaccuracy in the record without specific examples is not sufficient for the court to conclude that the record is inaccurate).

Nor does he address whether the trial court had the ability of complying with the motion on such short notice. The belated nature of appellant's request and the ability to

2

do that asked under the circumstances are indicia worthy of consideration when assessing the validity of the trial court's ruling.

Finally, a record of the trial was provided appellant. And, as previously mentioned, he does not attack its accuracy. So, he had available to him materials with which to urge an appeal. They may not have been in the format he wanted, but an apparently complete record was nonetheless at his disposal. That also tends to differentiate the situation before us from those encompassed by Texas Rule of Appellate Procedure 34.6(f). While the latter exists to remedy the consequences of a lost or destroyed record, there was a record here.

Accordingly, in view of the circumstances discussed above, we overrule the issue and affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.